UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FLOY O' NEAL | CIVIL ACTION |
| VERSUS | NO.: 07-1452 |
| WHOLE FOODS MARKET, ET AL. | SECTION "T"(4) |

## ORDER AND REASONS

Currently before the court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants, Whole Foods Market Southwest, LP and John Mackey. (Rec. Doc. 13). The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

### I.  BACKGROUND

Floy O'Neal ("Plaintiff") is a former employee of Whole Foods Market, Southwest LP. She began working at the Whole Foods Market located on Magazine Street in New Orleans, Louisiana on or about January 16, 2006. *See* Plaintiff's Complaint, p. 2. Plaintiff was selected to work in the cashiers section of the store. *Id.* Plaintiff claims she worked as a cashier until March 27, 2006, at which time she alleges she was fired because she was "too old and too white". *See* Plaintiff's Complaint, p. 3. Defendants urge that plaintiff was discharged due to inaccuracies with her cash register and for poor attendance. *See* Defendants' Motion to Dismiss, p. 1.

Plaintiff filed the instant action on March 30, 2007 against Whole Foods Market and John Mackney, owner of Whole Foods Market, requesting that the "matter be heard by a jury" and that the there be "judgment rendered in her favor". *See* Plaintiff's Complaint, p. 4. The complaint is entitled "Petition for Damages pursuant to 42 USC §1983."

Defendants filed the instant motion to dismiss claiming: (1) that plaintiff fails to state an action under section 1983 because none of the defendants are "state actors"; (2) the suit is premature until plaintiff receives a "right to sue" letter from the Equal Employment Opportunity Commission; and (3) in the alternative, plaintiff fails to state a Title VII claim against Whole Foods owner, John Mackey, because he is not an "employer" for purposes of Title VII.

Plaintiff filed an opposition stating only that "defendants broke federal law and that the matter is important enough to be heard before this Honorable Court." *See* Plaintiff's Opposition, p. 1.

## II.  LAW AND ANALYSIS

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted." Lowery v. Texas A&M University System, 117 F.3d 242, 247 (5th Cir. 1997); Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir.2002); Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1980). The Fifth Circuit has pointed out the proper inquiry on at Rule 12(b)(6) motion is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Lowrey, 117 F.3d at 247, citing 5 Charles A. Wright & Arthur R. Miller, Federal

Practice and Procedure, §1357, at 601 (1969).

Plaintiff's complaint states she is seeking relief pursuant to 42 USC § 1983.  To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been "deprived of a right 'secured by the Constitution and the laws' of the United States," and (2) that the deprivation was caused by a person or persons acting "under color of" state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).  Whole Foods Market and John Mackey are not government employees and such status has not been alleged by the plaintiff.  Therefore, in order for her section 1983 claim to survive, she must demonstrate that these private persons were willful participants in a joint activity with the state in acting under color of state law.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 2749 n. 9, 73 L.Ed.2d 482 (1982).   Nowhere in the complaint, giving it the most broad reading, does plaintiff allege that Whole Foods and/or John Mackey were engaged in any conspiracy with governmental officials or employees.  Assuming all the facts of plaintiff's complaint as true, she has failed to state a claim under 42 USC § 1983.[1]  Therefore, the Defendants' Motion for Dismissal pursuant of Federal Rule of Civil Procedure 12(b)(6) is **GRANTED.**

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed by Defendants' Whole Food Market,

---

[1] The Court does not address the remaining arguments made by the Defendants as it is clear from the wording of the complaint that Plaintiff was seeking relief pursuant to 42 USC § 1983.

LP and John Mackey (Rec. Doc. 13) be and is hereby **GRANTED.**

New Orleans, Louisiana, this 28TH day of August, 2007.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**